UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASAN RASHEED JONES, | No. 2:14-cv-1938 MCE GGH P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ELVIN VALENZUELA, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis pursuant to 28 U.S.C. § 1915.  Currently before the court is petitioner's motion for stay and abeyance, filed September 18, 2014.  Respondent has filed an opposition in accordance with the court's order.  For the reasons set forth herein, the undersigned recommends that the motion be denied and this action be dismissed.

BACKGROUND

Petitioner challenges his 2012[1] conviction for mayhem, assault with great bodily injury, and battery with serious injury, for which he was sentenced to a term of eight years.  (Pet. at 1.)  Petitioner raises four separate grounds, the last three of which petitioner concedes are not exhausted.  (Id. at 2, 5)  Petitioner states that he did exhaust the first claim with the state supreme

---

[1] The body of the petition states that petitioner was convicted in 2013.  (Id. at 10.)

1

court: "mayhem conviction should be reversed to battery with serious injury." (Petn. at 3.) He claims the Supreme Court issued a decision on April 29, 2014, and the result was "Lost jurisdiction: for reasons out of my control. Amadeo v. Zant, 486 U.S. 214, 222 (1988) / Ivy v. Caspari, 173 F.3d 1140." (Id.)  The corresponding claim raised in the instant petition is "Battery with serious injury is a necessarily included lesser offense of mayhem. Court failed to give [D]ewberry instruction." (Id. at 5.) A search of the California Courts website results in no cases found at the Supreme Court under petitioner's name. http://appellatecases.courtinfo.ca.gov/search/searchResults.cfm?dist=0&search=party. The instant petition was filed on August 20, 2014.

DISCUSSION

Respondent opposes the request for a stay, arguing that none of the claims are exhausted, and that in any event, petitioner has not shown good cause for a stay under Rhines.

I. All Claims in the Petition are Unexhausted

A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies or circumstances exist which render those remedies ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b) (1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

In some circumstances, a petitioner may obtain a stay of a federal petition where the petition contains both unexhausted and exhausted claims or where the petitioner seeks to add currently unexhausted claims to a fully exhausted petition. See, e.g., Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L.Ed.2d 440 (2005); King v. Ryan, 564 F.3d 1133, 1134 (9th Cir. 2009). Where the federal petition raises only claims that have not been exhausted, however, the petition should be dismissed. Coleman v. Thompson, 501 U.S. 722, 731, 111 S. Ct. 2546, 115 L.Ed.2d 640 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted state remedies as to any of his federal claims"); Castillo v. Peoples, 489 U.S. 346, 349, 109 S. Ct. 1056, 103 L.Ed.2d 380 (1989); Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a

2

1  habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's
2  intentions.  Instead, it may simply dismiss the habeas petition for failure to exhaust."); Jiminez v.
3  Rice, 276 F.3d 478, 481 (9th Cir. 2001).

4      In this case, although both petitioner and respondent have provided no evidence to support
5  their competing positions that claim one is exhausted or unexhausted, the court's own research
6  indicates that this claim is indeed unexhausted, as are the remaining three claims which petitioner
7  concedes are not exhausted.  Therefore, none of the claims in the federal petition have been
8  exhausted with the California Supreme Court, as required by § 2254(b)(1).   See
9  http://appellatecases.courtinfo.ca.gov/search/searchResults.cfm?dist=0&search=party (showing
10 results from a search for the party "Hasan Jones" on the California Supreme Court's website,
11 revealing no habeas petition regarding this petitioner).

12     Petitioner asserts that a stay is appropriate under Rhines.  However, Rhines addressed the
13 propriety of a stay only where the federal petition contained exhausted as well as unexhausted
14 claims and did not overrule Coleman's statement that a petition that is entirely unexhausted
15 should be dismissed.  Rhines, 544 U.S. at 277; see Raspberry, 448 F.3d at 1154 ("We decline to
16 extend that rule [of Rhines] to the situation where the original habeas petition contained only
17 unexhausted claims, but the record shows that there were exhausted claims that could have been
18 included.").  Because the instant petition contains only unexhausted claims, it must be dismissed
19 under Coleman.  Jiminez, 276 F.3d at 481 ("Once [respondent] moved for dismissal, the district
20 court was obliged to dismiss immediately, as the petition contained no exhausted claims").

21     II.  Stay Pursuant to Rhines

22     Moreover, even if claim one was exhausted and the court were to apply Rhines here,
23 petitioner has not shown good cause for not first exhausting claims two, three and four in the
24 California Supreme Court, as that case requires.  Id.

25     A district court may properly stay a habeas petition and hold it in abeyance pursuant to
26 Rhines v. Weber.  See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).  Under Rhines, a
27 district court may stay a mixed petition to allow a petitioner to present an unexhausted claim to
28 the state courts.  Rhines, 544 U.S. at 277.  Such a stay "eliminates entirely any limitations issue

1   with regard to the originally unexhausted claims, as the claims remain pending in federal court[.]"

2   King, 564 F.3d at 1140.[2] However, to qualify for a stay under Rhines, a petitioner must: (1) show

3   good cause for his failure to exhaust all his claims before filing this action; (2) explain and

4   demonstrate how his unexhausted claim is potentially meritorious; (3) describe the status of any

5   pending state court proceedings on his unexhausted claim; and (4) explain how he has diligently

6   pursued his unexhausted claim.  Rhines, 544 U.S. at 277–78.

7        What constitutes good cause has not been precisely defined except to indicate at the outer

8   end that petitioner must not have engaged in purposeful dilatory tactics, Rhines, 544 U.S. at 277-

9   78, and that "extraordinary circumstances" need not be found.  Jackson v. Roe, 425 F.3d 654,

10  661–62 (9th Cir. 2005); see also Rhines, 544 U.S. at 279 (Stevens, J., concurring) (the "good

11  cause" requirement should not be read "to impose the sort of strict and inflexible requirement that

12  would trap the unwary pro se prisoner") (internal citation omitted); id. (Souter, J., concurring)

13  (pro se habeas petitioners do not come well trained to address tricky exhaustion determinations).

14       "But as the Jackson court recognized, we must interpret whether a petitioner has "good

15  cause" for a failure to exhaust in light of the Supreme Court's instruction in Rhines that the

16  district court should only stay mixed petitions in 'limited circumstances.'  We also must be

17  mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to

18  exhaust their claims in state court before filing in federal court."  Wooten v. Kirkland, 540 F.3d

19  1019, 1023-24 (9th Cir. 2008) (quoting Jackson, 425 F.3d at 661) (internal citations omitted).

20       Recently, the Ninth Circuit stated that "a reasonable excuse, supported by evidence to

21  justify a petitioner's failure to exhaust," will demonstrate good cause under Rhines.  Blake v.

22  Baker, 745 F.3d 977, 982 (9th Cir. 2014).  In Blake, the Ninth Circuit held that ineffective

23  assistance of counsel by post-conviction counsel can be good cause for a Rhines stay, however,

24  bare allegations of state post-conviction IAC do not suffice.  Id. at 983.

25  /////

26  /////

27

28  [2] This assumes, of course, that the unexhausted claims were either timely brought in their own right, or that they can relate back to timely claims in the original petition.

1        The Blake court concluded that petitioner satisfied the good cause standard where he

2 argued that his post-conviction counsel [3] "failed to conduct any independent investigation or

3 retain experts in order to discover the facts underlying his trial-counsel IAC claim; namely,

4 evidence that Blake was" subject to severe abuse as a child and suffered from brain damage and

5 psychological disorders. 745 F.3d at 982 (internal quotes omitted). The petitioner supported this

6 argument with extensive evidence, including psychological evaluation reports, a declaration by

7 the private investigator who worked briefly for his post-conviction attorney, and thirteen

8 declarations from petitioner's family and friends describing his "abhorrent" childhood conditions.

9 Id. at 982-83. The Blake court concluded that petitioner had met the Coleman/Martinez standard

10 to show good cause under Rhines." Id. at 983-84 & n.7.

11        The undersigned finds that petitioner has failed to demonstrate that he qualifies for a stay

12 under Rhines. In regard to the claims that petitioner concedes are unexhausted, petitioner's

13 motion provides no cause whatsoever for his failure to exhaust. The only mention of a reason is

14 found in the petition, where petitioner states in two short sentences in regard to claims two, three

15 and four (B, C, and D) only:[4] "I relied on my counsel to bring up strong points. Now that I have a

16 chance to defend myself I am presenting things I, through my studies, find unlawful." (Petn. at

17 6.)

18        Petitioner provides no argument that good cause otherwise exists for granting the instant

19 motion. Petitioner has failed to support the request to stay his ineffective assistance and other

20 claims, as required in Blake (*i.e.*, not only is there no argument whatsoever, there is no

21 documentation -- as opposed to oral assertions -- showing he discussed these claims with trial

22 and/or appellate counsel and was ignored). Therefore, petitioner has failed to show good cause

---

[3] "Post-conviction counsel" in Blake must refer to counsel on the state habeas petition for two reasons: (1) Blake had been sentenced to death and appointment of counsel would have been likely; (2) appellate counsel on direct review in all probability would not be tasked with raising issues outside the record as most courts will not adjudicate IAC claims on direct review. Therefore, Blake is instructive, but not controlling.

[4] Petitioner makes no argument whatsoever in support of the good cause requirement in regard to claim one, which he assumes is exhausted.

for his failure to exhaust claims two, three and four.[5]

Accordingly, petitioner has not shown good cause for not exhausting his claims in the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.[6]

CONCLUSION

Good cause appearing, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to stay and abey, filed September 18, 2014, (ECF No. 6), be denied;

2. The petition be dismissed for failure to exhaust state remedies; and

3. The Clerk of the Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 5, 2014

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Jone1938.exh

---

[5] Petitioner has also failed to satisfy the other Rhines factors.

[6] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).